UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HENRY BENITEZ,

      **Plaintiff,**

  - against -

C. STRALEY, et al.,

      **Defendants.**

OPINION & ORDER

01 Civ. 0181 (CM) (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Pro se Plaintiff Henry Benitez ("Bentitez") has brought this action pursuant to 42 U.S.C. § 1983, alleging realiatory acts of the Defendants, and claiming numerous violations of his constitutional rights. In September 2007, Benitez filed a motion to compel discovery of his Local Rule 33.2 discovery requests and sought sanctions under Federal Rule of Civil Procedure 37(a) and (b) against Defendants. For the following reasons, Benitez's motion to compel discovery is **DENIED**.

## II. BACKGROUND

The background is set forth in the Court's February 2006 Report and Recommendation.

## III. DISCUSSION

Benitez alleges that Defendants have failed to produce his discovery requests in a timely manner. (Plf. Mot. to Compel) Defendants responded to Benitez's motion in December 2007. In their response, Defendants asserted that Benitez's motion to compel discovery was moot because Local Rule 33.2 discovery had been provided to Benitez after the filing of his motion. Defendants claimed the delay in production was caused by numerous factors including Benitez's

failure to serve discovery requests on counsel. According to Defendants, Benitez attached discovery requests to four individual Defendants in his complaint rather than to the more than thirty named Defendants in the complaint. Defendants also note that the Court had not set a specific date for discovery disclosure, that there were delays related to the large number of defendants in the case, and that Defendants had concerns about responding on behalf of all Defendants and not just the four Defendants to whom Benitez had directed individual discovery requests. (Def. Mem. of Law at 4.) In response to Benitez's request for Rule 37 sanctions, Defendants argue that there was no bad faith in the delayed discovery responses, and that they had made a good faith effort to provide Benitez with a thorough set of interrogatory answers and discovery documents relating to all defendants named in the case.

Benitez replied that Defendants' discovery responses were insufficient and needed to be amended or supplemented. In reviewing Benitez's response, the Court found that he had not met his burden of explaining why the discovery provided by Defendants was insufficient and why the further discovery sought was relevant to his case. For this reason, the Court scheduled a telephone conference with Benitez and Defendants for February 13, 2008, to allow Benitez an opportunity to supplement his written submissions. At the time scheduled for the confernce, Benitez refused to leave his cell. In the absence of further information from Benitez, the Court finds that he has not met his burden. Additionally, because Benitez failed to adequately dispute the Defendants' reasons for their discovery delay, the Court sees no reason to sanction Defendants for the delay in discovery. Therefore, Benitez's motion to compel discovery and for sanctions is **DENIED**.

SO ORDERED this 13th day of February 2008
New York, New York

_____
The Honorable Ronald L. Ellis
United States Magistrate Judge