UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HENRY BENITEZ,

                Plaintiff,

- against -

CAROLA STRALEY, et al.,

                Defendants.

**OPINION & ORDER**

**01 Civ. 0181 (CM) (RLE)**

**RONALD L. ELLIS, United States Magistrate Judge:**

*Pro se* plaintiff, Henry Benitez ("Benitez"), has brought this action pursuant to 42 U.S.C. § 1983 alleging retaliatory acts of the Defendants, and claiming numerous violations of his constitutional rights. In September 2007, Benitez filed a motion to compel discovery and sought sanctions against Defendants. This motion was denied on February 14, 2008. On April 13, 2008, Benitez again filed a motion to compel discovery and sanctions against Defendants. Benitez claims that Defendants are intentionally refusing to timely produce certain relevant discovery materials.

For the following reasons, **IT IS HEREBY ORDERED THAT** Benitez's motion to compel discovery is **GRANTED, in part**, and the following must be produced:

    1) photographs of the area where the alleged incident at issue took place;

    2) the "Inmate Injury Report" and photographs, scanned for better clarity;

    3) the requested logbook pages and complaints; and

    4) Department of Corrections directives, memorandum and written policy records concerning use of force by Green Haven guards against inmates from 1990 to 1998.

    **IT IS FURTHER ORDERED THAT** Benitez's motion to compel discovery is

**DENIED, in part**, pending a submission by Defendants of relevant affidavits by **September 12, 2008**, concerning the existence of

1) hearing tapes and transcripts; and

2) disciplinary proceedings against the named Defendants.

Benitez's request for sanctions is **GRANTED, in part,** and Defendants will produce the compelled discovery items at their own expense and will be prevented from presenting evidence in opposition to any dispositive motions Benitez may bring in which the hearing tapes or transcripts would be relevant. Benitez's request for sanctions is **DENIED, in part**, as pro se litigants are not entitled to awards of attorney's fees.

## II. BACKGROUND

The background is set forth in the Court's February 2006 Report and Recommendation.

## III. DISCUSSION

### A. Motion to Compel Discovery

The scope of discovery is generally limited to any matter, not privileged, which is relevant to the claim or defense of any party or appears reasonably calculated to lead to the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1). The relevance standard is construed broadly "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Ferguson v. Lion Holding, Inc.,* 2005 WL 1216300, at *2 (S.D.N.Y., Mar. 25, 2005). The Court has broad discretion in managing discovery. *Wills v. Amerada Hess Corp.,* 379 F.3d 32, 41 (2d Cir. 2004);

*In re Fitch, Inc.,* 330 F.3d 104, 108 (2d Cir. 2003); *Cruden v. Bank of New York,* 957 F.2d 961, 972 (2d Cir. 1992).

Benitez alleges that Defendants failed to produce his discovery requests in a timely manner. (Plf. Reply Mem. in Supp. of his Motion to Compel and for Sanctions ("Plf. Reply Mem.") at 1.) His first discovery request is for photographs of various areas within Green Haven Correctional Facility, including the room where he was stripped and searched, the stairwell leading to the strip-search room, and the holding rooms within the strip-search room. (Plf. Decl. in Supp. of Motion to Compel and for Sanctions ("Plf. Decl.") at 2; Plf. Decl., Ex. A) Defendants object to this request on the grounds that "the New York State Department of Correctional Services [DOCS], has, for security reasons, forbidden inmates to be in possession of photographs of any correctional facility." (Kevin R. Harkins, Assistant Attorney General, May 22, 2008 Letter ("Harkins Letter.") at 2.) Benitez argues that "[d]iscovery may not be denied on the basis of an unsubstantiated assertion by counsel . . ." (Plf. Reply Mem. at 2-3.) Courts in this District have not commented on discovery denials based on alleged threats to facility security. District courts in the Northern District of New York, however, have determined that "discovery may not be denied on the basis of an unsubstantiated assertion by counsel that disclosure of requested information might impair facility security." *Messa v. Woods*, No. 9:07-CV-0306, 2008 WL 2433701, at *2 n.1 (N.D.N.Y. June 12, 2008); *see also Medina v. Hunt*, No. 9:05-CV-1460, 2008 WL 2228962, at *1 (N.D.N.Y. May 29, 2008) (requiring a "specific and compelling reason for not producing the supplemental documents" based on institutional security concerns). Instead, a claim that disclosure of requested documents would compromise facility security must be "supported by an affidavit from an appropriate [DOCS] official, setting forth specific facts

3

supporting the claim of security." *Medina v. Hunt*, No. 9:05-CV-1460, 2008 WL 2228962, at *1 (N.D.N.Y. May 29, 2008). A request tailored to the claims in the case should be allowed. Blueprints of the entire facility raise obvious concerns, but drawings of the specific area within the facility where an alleged incident took place are allowable. *See, e.g., Murray v. Palmer*, No. 903-CV-1010, 2006 WL 2516485, at *6 (N.D.N.Y. Aug. 29, 2006).

In this case, Defendants have not provided any statement from a DOCS official specifically outlining the potential security threats of disclosing the requested photographs. Benitez has requested photographs of only the area related to the incident at issue in his case. Defendants have stated that if the case were to go to trial, Benitez would be given access to the requested pictures prior to trial. (Def. Mem. at 2.) Given that Benitez's request is limited to photographs that are relevant to his claim and that Defendants have provided no basis for withholding them, Benitez's motion is **GRANTED,** and the Court directs Defendants to produce the requested photographs within seven days of the filing of this Order.

Benitez's second discovery request is for all hearing tapes and transcripts from any of the disciplinary proceedings in which Benitez alleges his constitutional rights were violated. (Plf. Decl. at 3; Plf. Decl., Ex. B) Defendants assert they are not intentionally refusing to provide these materials but rather that the materials no longer exist because: 1) "[o]n October 27, 2005, DOCS issued Directive No. 2011, which implemented a document retention policy;" 2) "[p]rior to the issuance of this directive, DOCS would simply use an audio cassette tape from one disciplinary hearing and tape over it for another hearing;" 3) hearing "transcripts would not be created unless litigation required it;" 4) Benitez did not "serve [his] First Request for Production of Documents until October 2007;" 5) "in the approximately seven years between the dates of the issuance of

Directive No. 2011, the cassette tapes from these hearings were re-used, effectively destroying the information [Benitez] now seeks;" and 6) counsel has "spoken with the staff at Green Haven and there is simply nothing that can be done to recover this information." (Harkins Letter at 2.)

Benitez first asserts that Defendants have not provided any supporting affidavit from a Green Haven official confirming that the requested tapes and transcripts do not exist. (Plf. Reply Mem. at 5.) Additionally, Benitez disputes Defendants' statement that they were not served with discovery requests prior to the implementation of Directive No. 2011 and contends that Defendants knew in 2004 that the requested hearing tapes were to be preserved and produced for litigation purposes. *Id.* at 6. Benitez's contention is supported by the fact that Defendants' initial counsel acknowledged that Benitez served four individual Defendants a discovery request along with his complaint in 2004. (Def. Mem. in Opp. to Plf. Initial Motion to Compel and for Sanctions ("Def. Mem.") at 4.) The Court cannot require a party to produce something that does not exist; however, a concrete determination should be made as to whether or not the requested materials exist. Therefore, the Court directs Defendants to provide an affidavit from an appropriate Green Haven official within seven days of this Order identifying when the tapes were re-used and confirming that no transcripts were ever created. Benitez's motion to compel the hearing tapes and transcripts is **DENIED** pending the submission of an appropriate affidavit by **September 12, 2008**.

Benitez's third discovery request is for clear copies of 1) an "Inmate Injury Report" with bates stamp number 00134, and 2) photographs taken of Benitez with bates stamp numbers 00056 and 00140, all of which were annexed to Benitez's Declaration in Support of his Motion to Compel Discovery and for Sanctions. (Plf. Reply Mem. at 9.) Benitez also requests copies of

5

logbook pages, all complaints brought against certain defendants and any employment disciplinary proceedings against certain defendants. (Plf. Decl. at 4; Plf. Decl., Ex. B) Lastly, Benitez requested DOCS directives, memorandums, and written policy records concerning the use of force by Green Haven guards against inmates from 1990 to 1998. *Id.*

In Defendants' response to Benitez's request for the "Inmate Injury Report" and photos of his injuries, they claim that it was unclear what documents Benitez was referring to in his request and that "there were no exhibits attached to [Benitez's] papers" and that Benitez "did not serve a declaration with the Motion." (Harkins Letter at 2.) Defendants' counsel instead located and provided copies of an Inmate Injury Report with bates stamp 00055 and a paper copy of photographs of Benitez with bates stamp 00059. *Id.* Additionally, counsel asserts that the copy of the photos is of the best quality possible because the originals are Polaroids taken in 1998. *Id.*

Benitez argues that Defendants' counsel's claims are untrue and disingenuous because counsel could have requested that Benitez provide him with copies of the allegedly missing documents or requested them from the clerk of the Court prior to responding to the Motion. (Plf. Reply Mem. at 9-10.) The Court agrees. Benitez filed his Declaration in Support of his Motion on April 25, 2008, complete with annexed exhibits, which included an illegible copy of an Inmate Injury Report with a bates stamp 00134, and a dark copy of photos of Benitez with discernable bates stamps of 00056 and 00140. (Plf. Decl., Exs. E, F.) Benitez clearly identified the requested report and photos; and even if the request had been ambiguous, Defendants' counsel did not exercise reasonable due diligence to determine what documents were requested. Benitez's motion to compel the "Inmate Injury Report" and photographs is **GRANTED**, and the Court directs Defendants to produce scanned copies of the requested report and photographs

within seven days of this Order so as to improve on the quality of what was previously submitted.

Defendants state that they are in the process of locating and producing the logbook pages and complaints Benitez has requested, and that Director of Labor Relations for DOCS has informed counsel that there are no disciplinary proceedings for the officers Benitez named. (Harkins Letter at 2.) As of June 2, 2008, Benitez maintained that Defendants have failed to provide him with copies of the logbook pages, complaints and disciplinary proceedings. (Plf. Reply Mem. at 11.) Since the logbook pages and complaints are either in the Defendants' possession attempts were being made to locate them, producing the requested documents should not take much longer. Benitez's motion is **GRANTED** and the Court directs Defendants to produce copies of the requested logbook pages and complaints within fourteen days of this Order.

With respect to the disciplinary proceedings, the Court cannot require a party to produce something that does not exist; however, as previously stated, a definitive determination should be made as to whether or not the requested materials exist. Therefore, Benitez's motion for this request is **DENIED**, but the Court directs Defendants to provide an affidavit by **September 12, 2008**, from the Director of Labor Relations for DOCS confirming that no disciplinary proceedings against the named defendants exist.

Finally, Benitez requested DOCS directives, memorandum, and written policy records concerning the use of force by Green Haven guards against inmates from 1990 to 1998. Similar to the request for the facility photos, Defendants object to this request on the grounds that "DOCS forbids inmates from possessing security documents due to security concerns." (Harkins Letter at 3.) Benitez argues that Defendants' counsel's unsworn assertions of security threats are

not a valid basis on which to deny disclosure. (Plf. Reply Mem. at 4.) Recent decisions in the Western and Northern Districts of New York have addressed these issues and have allowed discovery of correctional facility directives and policies regarding the facilities' use of force against inmates. *See Wright v. Goord*, No. 04-CV-6003L, 2008 WL 2788287, at *2 (W.D.N.Y. July 15, 2008); *see also Medina v. Hunt*, No. 9:05-CV-1460, 2008 WL 398439, at *5 (N.D.N.Y. Feb. 11, 2008). Those courts have required that Defendants objecting to discovery of directives or policies provide an explanation for not disclosing the requested policy because of security concerns. *See Wright,* 2008 WL 2788287, at *2; *see also Medina*, 2008 WL 398439, at *5 (requiring a "specific and compelling reason" for not disclosing requested documents because of safety concerns). Since the directives, memorandum and policies that Benitez requests are relevant to his claim, his motion is **GRANTED**, and the Court directs Defendants to produce these documents within ten days of the filing of this Order.

**B.     Motion for Sanctions**

Under Federal Rule of Civil Procedure 37, the Court may impose broad sanctions for discovery-related abuses. The Court may also impose sanctions based on its "inherent power to manage its own affairs." *Residential Funding Corp. v. Degeorge Fin. Corp.,* 306 F.3d 99, 106-07 (2d Cir. 2002). A finding of bad faith, however, is required to impose sanctions based on the Court's inherent powers. *Compare DLC Mgmt. Corp. v. Town of Hyde Park,* 163 F.3d 124, 136 (2d Cir. 1998) (inherent power), *with JSC Foreign Econ. Assoc. Technostroyexport v. Int'l Dev. and Trade Servs., Inc.,* 2005 WL 1958361, at *12 (S.D.N.Y. Aug. 16, 2005) (Rule 37). Rule 37 sanctions are intended to ensure that a party does not benefit from noncompliance and "to deter those who might be tempted to such conduct in the absence of such a deterrent." *Dimensional*

8

*Sound, Inc.* v. *Rutgers University*, 92 Civ 2350 , 1996 WL 11244 (DLC), at *3 (S.D.N.Y. Jan. 26, 1996) (*quoting Valentine v. Museum of Modern Art,* 29 F.3d 47, 49 (2d Cir. 1994). The Rule allows for various sanctions, including prohibiting the offending party from introducing designated matters into evidence. FED. R. CIV. P. 37(b)(2)(B). The court has discretion to choose the appropriate sanction based on the full record of the case at hand. *Dimensional Sound, Inc.*, 1996 WL 11244, at *3; *see also National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 642 (1976).

Benitez alleges that Defendants have willfully refused to comply with the Court's March 10, 2008 discovery Order and is seeking sanctions. (Plf. Mem. in Supp. of Motion for Sanctions ("Plf. Mem.").) Defendants assert that there was no bad faith in the delayed discovery responses and that the "requested items either present a security risk precluding Benitez from possessing them, have been destroyed due to the passage of time, do not exist, or are currently being located and will be produced to [Benitez] as quickly as possible." (Harkins Letter at 1.) With respect to the first discovery request for photographs of the strip-search room related areas, Benitez asks this Court to sanction Defendants by requiring them to produce the requested discovery at their own expense. (Plf. Mem. at 4.)

Based on the Courts granting of Benitez's motion to compel this discovery and on the record, this sanction is appropriate as it guarantees compliance with the outstanding order, ensures that Defendants do not benefit from their failure to comply, and deters them from needlessly delaying production in the future. *See Kelly v. City of New York*, 01 Civ. 8906 (LMM) (RLE), 2007 WL 1746912, at *3 (S.D.N.Y. June 15, 2007) (*citing Nieves v. City of New York*, 208 F.R.D. 531, 535 (S.D.N.Y. 2002). Benitez's motion for sanctions regarding his first

9

discovery request is **GRANTED**, and the requested items will be produced at the Defendats' expense.

With respect to Benitez's request for hearing tapes and transcripts, Defendants' counsel asserts that Benitez did not serve this discovery request until October of 2007, after the implementation of a directive that led to the destruction of the requested tapes. (Harkins Letter at 2.) However, the record demonstrates that four individual Defendants were served with this discovery request along with Benitez's complaint in 2004, prior to the implementation of the directive. (Def. Mem. at 4.) Defendants' explanation of the timing of the alleged destruction of the hearing tapes is questionable. Benitez argues that Defendants' failure to comply with this discovery request led to the loss of information relevant to his claims. (Plf. Reply Mem. at 7-8.) He asks the Court to sanction Defendants by precluding them "from offering any evidence in opposition to any dispositive motion that [Benitez] might file in connection with his due process claims." (Plf. Reply Mem. at 8.)

If a party disobeys a discovery order, the Court can order sanctions, including "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." FED. R. CIV. P. 37(b)(2). Such an adverse inference sanction is appropriate when three elements are met. *Residential Funding Corp. v. Degeorge Financial Corp.*, 306 F.3d 99, 107 (2d Cir. 2002) (*citing Byrnie v. Town of Cromwell*, 243 F.3d 93, 107-12 (2d Cir. 2001). First, the party in control of the evidence must have "had an obligation to preserve it at the time it was destroyed." *Id.* "The obligation to preserve evidence arises when the party has notice that the evidence is relevant or when a party should have known that the evidence may be relevant to future litigation." *Fujitsu Ltd. v. Federal Exp. Corp.*, 247

F.3d 423, 436 (2d Cir. 2001). Second, the records must have been destroyed "with a culpable state of mind." *Residential Funding Corp.,* 306 F.3d at 107 (*internal quotations omitted*). The "culpable state of mind" standard is satisfied where there is a duty to preserve evidence and it is intentionally destroyed regardless of whether or not there is an intention to breach that duty. *Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93, 109 (2d Cir. 2001); *see also Residential Funding Corp.*, 306 F.3d at 108. Lastly, the destroyed evidence must be relevant to the claim of the party seeking the sanction "such that a trier of fact could find that it would support that claim." *Id.*

The Court finds that the Defendants who were served the discovery request with the complaint in 2004 had notice, and thus Defendants' counsel should have had notice that the tapes were relevant to future litigation and therefore had an obligation to preserve the tapes or make transcripts. Additionally, given this duty to preserve evidence, Defendants' intentional destruction of those tapes, regardless of whether or not they were acting in compliance with policy, constituted the requisite culpable state of mind. Finally, tapes or transcripts of disciplinary hearings that are the subject of Benitez's claims are clearly relevant to his case. Based on the record, Benitez's request for an adverse inference sanction, preventing Defendants from presenting evidence in opposition to any dispositive motions Benitez may bring in which the hearing tapes or transcripts would be relevant, is appropriate and it ensures that Defendants do not benefit from their failure to comply with the discovery request. Benitez's motion for sanctions regarding this second discovery request is **GRANTED**.

Finally, Benitez requests that the Court order Defendants to comply with the discovery request within thirty days of the Order and that such order should include that noncompliance

shall result in sanctions of $500 per day to Benitez beginning after the thirty-day period. The Supreme Court has held, however, that *pro se* litigants are not entitled to awards of attorney's fees. *Kay v. Ehrler*, 499 U.S. 432 (1991). Thus, even if sanctions were to be considered at this time, monetary compensation for Benitez would not be the appropriate sanction since he is *pro se*. Benitez's motion for monetary sanctions is **DENIED**.

### IV. CONCLUSION

For the forgoing reasons, **IT IS HEREBY ORDERED THAT** Benitez's motion to compel discovery is **GRANTED, in part**, and the following must be produced:

1) photographs of the area where the alleged incident at issue took place;

2) the "Inmate Injury Report" and photographs, scanned for better clarity;

3) the requested logbook pages and complaints; and

4) Department of Corrections directives, memorandum and written policy records concerning use of force by Green Haven guards against inmates from 1990 to 1998.

**IT IS FURTHER ORDERED THAT** Benitez's motion to compel discovery is **DENIED, in part**, pending a submission by Defendants of relevant affidavits by **September 12, 2008**, concerning the existence of

1) hearing tapes and transcripts; and

2) disciplinary proceedings against the named Defendants.

Benitez's request for sanctions is **GRANTED, in part,** and Defendants will produce the compelled discovery items at their own expense and will be prevented from presenting evidence

in opposition to any dispositive motions Benitez may bring in which the hearing tapes or transcripts would be relevant. Benitez's request for sanctions is **DENIED, in part**, as pro se litigants are not entitled to awards of attorney's fees.

**SO ORDERED this 2nd day of September 2008**
**New York, New York**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**